# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTHONY QUENTIN JOHNSON,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00088 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JOSHUA SALMON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Anthony Quentin Johnson, Pro Se Petitioner.*

The petitioner, Anthony Quentin Johnson, a Virginia inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Johnson asserts that he is wrongfully confined on state court charges that resulted from an unreasonable search and seizure. Upon review of the record, I conclude that Johnson's claims under § 2241 must be summarily dismissed without prejudice.

Johnson alleges that on December 18, 2021, as he got out of his vehicle and closed the door, several officers of the Lynchburg, Virginia, Police Department approached him. They handcuffed Johnson behind his back while they attempted to confirm the issuance of a warrant. Officer Waterman searched Johnson's person without his consent, including the contents of his pockets. Johnson refused to consent to a search of his vehicle. Waterman saw a container inside the car and asked about it, but Johnson denied knowing its contents. Waterman retrieved the

container, reported that it contained "illegal drugs," and then conducted "a generalized search" of the vehicle. Pet. 10, ECF No. 1.

Johnson was charged in state court with possession of firearms and illegal drugs.[1] Johnson states that he has asked his attorney to file a motion seeking suppression of evidence seized during the search, "to no avail." *Id.* at 3. As relief in this § 2241 case, Johnson seeks dismissal of the charges that are based on the unreasonable search and seizure and his release from custody until all other charges are resolved.

Johnson's § 2241 claims[2] rest on the exclusionary rule that requires the exclusion of evidence obtained during a law enforcement search or seizure found to be unreasonable in violation of Fourth Amendment protections. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) ("The exclusionary rule was a judicially created means of effectuating the rights secured by the Fourth Amendment."). Under the Rule, "[e]vidence obtained by police officers in violation of the Fourth Amendment is excluded *at trial* in the hope that the frequency of future violations will decrease." *Id.* at 492 (emphasis added). Thus, a defendant must litigate any Fourth Amendment

---

[1] Court records available online indicate that the charges against Johnson have been certified to the grand jury and that any further proceedings will occur in the Circuit Court of the City of Lynchburg.

[2] Prisoners in state custody for some reason other than a state court judgment, such as pretrial detention or detention awaiting extradition, may pursue habeas claims under § 2241. *In re Wright,* 826 F.3d 774, 782 (4th Cir. 2016).

challenges to the evidence against him in the state trial court and on direct appeals in the state court system. *Id.* at 493. The Supreme Court has expressly held that "a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id.* at 494 n. 37.

Johnson admits that at the present early stage of his state criminal proceedings, his attorney has not yet attempted to litigate Johnson's alleged Fourth Amendment claim. Johnson does not allege or present any evidence indicating that the state courts would not entertain a Fourth Amendment challenge in any future trial proceedings and also on direct appeal, if warranted. As such, Johnson has not shown that he has been "denied an opportunity for a full and fair litigation of that claim at trial and on direct review," as required by *Stone*. *Id.* For this reason, I conclude that Johnson's Fourth Amendment claim is not cognizable in this federal habeas proceeding. I will dismiss his Petition without prejudice, and he may pursue it in any upcoming state criminal proceedings and potential appeals.[3]

---

[3] I note that unfulfilled procedural requirements also bar Johnson's ability to litigate any federal habeas claims about the state court pretrial proceedings. "Pretrial relief under § 2241 . . . is only available to a petitioner who is in custody, has exhausted his state court remedies, and has shown the existence of special circumstances to justify federal intervention." *Johnson v. Salmon*, No. 7:22-CV-00081, 2022 WL 446033, at *1 (W.D. Va. Feb. 14, 2022) (internal quotation marks and citations omitted). Johnson's petition does not indicate that he has presented his Fourth Amendment claim to any state court or that

A separate Final Order will be entered herewith.

DATED: May 4, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

special circumstances exist to warrant allowing pretrial, unexhausted challenges in this federal habeas proceeding.